MOLINA ET AL., DEMANDANTES Y APELANTES, *v.* HERNÁNDEZ, DEMANDADO Y APELADO.

No. 3064.—*Visto:* Diciembre 13, 1923. *Resuelto:* Mayo 23, 1924.

NULIDAD DE VENTA A RETRO—PRESCRIPCIÓN DE LA ACCIÓN DE NULIDAD DE VENTA A RETRO.—El término de prescripción de la acción para anular una venta con pacto de retro bajo la teoría de que no era tal sino un préstamo con hipoteca, empieza a contarse desde que venció el término dentro del cual el vendedor podía retraer y *no desde que el comprador obtuvo inscripción de la* consumación de la venta en el registro.

SENTENCIA de *Pablo Berga,* J. (Humacao), en acción de nulidad de escritura y reivindicación, declarando sin lugar la demanda, sin costas. *Confirmada.*

*González Fagundo,* abogado de los apelantes; *J. Vendrell,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los apelantes solicitaron de la Corte de Distrito de Humacao por demanda radicada en 18 de octubre de 1920 que declarase nulo un contrato de venta con pacto de retro que

en 17 de agosto de 1915 otorgaron a favor del padre de los apelados porque en realidad era un contrato de préstamo con hipoteca.

Después de celebrado el juicio la corte de distrito declaró sin lugar la demanda fundándose en que si bien la intención de las partes fué la de celebrar un contrato de hipoteca y no de venta con pacto de retro, sin embargo la acción de nulidad que se ejercita está prescrita porque habiéndose concedido hasta el 17 de agosto 1916 para redimir la finca, desde esta fecha empezaba a correr el término de cuatro años que fija el artículo 1268 del Código Civil para ejercitar la acción de nulidad de los contratos que tienen una causa falsa, término que había transcurrido cuando la demanda fué interpuesta.

En la apelación que los demandantes han establecido contra esa sentencia alegan como único motivo del recurso que la corte inferior erró al contar los cuatro años desde el 17 de agosto de 1916 y no desde el 5 de junio de 1917 en cuya fecha fué presentada la escritura en el registro de la propiedad para consolidar la venta por haber vencido el plazo de redención.

Los contratos surten efecto entre las partes desde que los celebran y por esto no es la fecha de la inscripción en el registro de la·propiedad del contrato de venta con pacto de retro la que determina el momento en que ha de empezar a contarse el término de prescripción para solicitar la declaración de su nulidad porque entonces ese término estaría a voluntad del comprador y porque la misma ley ha declarado que desde la consumación del contrato es que empezará a .contarse el término de cuatro años para la prescripción de la acción de nulidad. El contrato no quedó consumado en este caso desde que fué inscrito en el registro de la propiedad sino desde agosto de 1916 en que venció el plazo durante el cual los vendedores podían redimir la finca, porque en esa fecha fué que el comprador adquirió el do-

minio sin limitación ni condición alguna suspensiva, quedando así consumada la venta.

La sentencia apelada debe ser *confirmada.*