ANTONIA COLLADO HEREDIA, demandante y apelante, *v.* LA SUCESIÓN INTESTADA DE VÍCTOR HONORÉ Y GARAU, demandada y apelada.

No. 3942.—*Visto:* Noviembre 5, 1926. *Resuelto:* Noviembre 15, 1926.

1. VENDEDOR Y COMPRADOR—REQUISITOS Y VALIDEZ DEL CONTRATO—NULIDAD O INEXISTENCIA.—Cuando ha existido un contrato de préstamo que falsamente se hizo aparecer como de venta con pacto de retro, las partes han estado conformes en la simulación y se ha consentido en la consumación de la venta, no cabe calificar dicho contrato de inexistente sino de anulable.

2. LIMITACIÓN DE ACCIONES—ESTATUTOS DE LIMITACIÓN—LIMITACIONES APLICABLES A DETERMINADAS ACCIONES — NULIDAD DE CONTRATOS — VENTA CON PACTO DE RETRO.—La acción para anular una venta con pacto de retro bajo la teoría de que no era tal sino un préstamo con hipoteca prescribe a los cuatro años contados desde la fecha del vencimiento del plazo para ejercitar el retracto (*Molina* v. *Hernández*, 33:182, seguido).

SENTENCIA de *Charles E. Foote*, J. (Mayagüez), desestimando la demanda a virtud de excepción previa por falta de hechos para constituir una causa de acción, con costas. *Confirmada.*

*E. Forestier Gregory*, abogado de la apelante; *Alfredo Arnaldo Sevilla*, abogado de la sucesión apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La sentencia en este caso se dictó sobre las alegaciones

y la cuestión a estudiar y a resolver es la de si la acción ejercitada había prescrito cuando la demanda se interpuso.

Se alega en la demanda, radicada el 11 de marzo de 1926, en resumen, que la demandante tomó a préstamo a Víctor Honoré, causante de la sucesión demandada, la suma de quinientos dólares y convino en garantizarla con una hipoteca que constituiría sobre una casa de su propiedad que valía mil quinientos dólares; que al ir a otorgar la escritura Honoré sugirió y a ello se avino la demandante por la situación de necesidad en que se encontraba, que se hiciera aparecer que se vendía la casa con pacto de retro; que así se hizo otorgándose la escritura el 9 de agosto de 1913; que en 1917 Honoré solicitó y obtuvo en el registro de la propiedad la anotación de la consumación de la venta, pero diciendo a la demandante que lo hacía sólo para mejor garantizar su crédito; que en 1918 Honoré se hizo cargo de la casa para alquilarla, cobrando los $7.50 de intereses del préstamo y dedicando el resto a amortizarlo; que la casa producía $20 mensuales llegando a cobrar Honoré y luego su sucesión unos $1,920, debiendo, por tanto, reintegrar la demandada a la demandante alrededor de $700.

La demandada excepcionó la demanda en el sentido de no aducir hechos suficientes para determinar una causa de acción, ya que aceptando que fuera cierto todo lo que en ella se decía, la prescripción había convalidado el contrato de 1913 consumado en 1917, por ministerio del artículo 1268 del Código Civil Revisado que fija la duración de la acción de nulidad en cuatro años.

La corte declaró con lugar la excepción registrándose su resolución como sentencia a petición de la demandante a los efectos de la interposición de este recurso.

[1] Sostiene la apelante en su alegato que no se trata de un contrato anulable, sino inexistente, y en tal virtud que no es aplicable el precepto de ley invocado. No estamos conformes. Aquí existió una transacción verdadera de préstamo que falsamente fué calificada de venta con pacto

de retro. Ambas partes estuvieron conformes en la simulación, con la circunstancia de que la demandante consintió además en la consumación del contrato cuando el plazo se venció y no pudo pagar su deuda. Siendo ello así, el contrato no puede calificarse de inexistente, sino de anulable.

[2] Además, la cuestión quedó terminantemente resuelta en contra de la apelante en el caso de *Molina* v. *Hernández*, 33 D.P.R. 182, en el que se estableció la siguiente doctrina:

"El término de prescripción de la acción para anular una venta con pacto de retro bajo la teoría de que no era tal sino un préstamo con hipoteca, empieza a contarse desde que venció el término dentro del cual el vendedor podía retraer y no desde que el comprador obtuvo inscripción de la consumación de la venta en el registro."

En este caso que resolvemos transcurrió el término de cuatro años, aun contado desde la anotación de la consumación en el registro, fecha necesariamente posterior a la del vencimiento del plazo para ejercitar el retracto.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.