Ramón Otero, demandante y apelante, *v.* Agustina Mirabal, demandada y apelada.

No. 4289.—*Visto:* Enero 26, 1928. *Resuelto:* Febrero 14, 1928.

Limitación de Acciones—Estatutos de Limitación—Limitaciones Aplicables a Determinadas Acciones — Acciones Sobre Contratos — Contratos de Préstamo o Venta con Pacto de Retro.—Cuando se alega en la demanda que un contrato de préstamo se hizo aparecer como de venta con pacto de retro y que las partes continuaron actuando de acuerdo con la realidad de los hechos, esto es, el que aparecía como vendedor, como dueño pagando los intereses del préstamo, y el que aparecía como comprador, como acreedor recibiendo dichos intereses, no cabe alegar que una acción ejercitada para restablecer la verdad, ha prescrito, por haber transcurrido cuatro años a partir de la celebración del contrato o de la nota de consumación en el registro.

Sentencia de *Miguel A. Muñoz,* J. (San Juan), sobre excepción previa de falta de hechos suficientes. *Revocada* y devuelto el caso.

*Carlos del Toro Fernández,* abogado del apelante; *Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Ramón Otero demandó a Agustina Mirabal titulando su
demanda sobre cumplimiento específico de contrato y ale-
gando en ella, en resumen, que en 1913 Prudencio Cordero
era dueño de un solar y dos casas que se describen; que
en el propio año Cordero solicitó y obtuvo de la demandada
un·préstamo de cuatrocientos dólares, sin fijación de plazo
y al interés del dos por ciento mensual, garantizado con el
solar y casas de referencia que tenían entonces un valor
de setecientos dólares; que como el interés fijado excedía
del tipo legal, la demandada exigió que se diera al contrato
la apariencia de uno de venta con pacto de retro y así se
hizo; que Cordero continuó siempre actuando como dueño,
alquilando las casas y percibiendo para sí los cánones de
arrendamiento, pagando las contribuciones, etc., hasta 1916
en que vendió su propiedad al demandante, quien continuó
de igual modo actuando como dueño y pagando los intereses
del préstamo a la demandada; que eso no obstante, la de-
mandada a sus espaldas, en 1922, obtuvo que en el registro
se anotara la consumación de la venta; que el demandante
ha requerido distintas veces a la demandada para que re-
ciba los cuatrocientos dólares del préstamo y le otorgue la
escritura traslativa del título y la demandada se ha negado,
y que el demandante reitera su ofrecimiento de pago y pide
a la corte que condene a la demandada a aceptarlo y a otor-
gar la correspondiente escritura.

La demandada alegó que la demanda no aducía hechos
suficientes para determinar una causa de acción y así lo re-
solvió la corte de distrito basándose en que la acción ejerci-
citada había prescrito de acuerdo con lo resuelto por esta
Corte Suprema en el caso de *Collado* v. *Sucesión Honoré* 36
D.P.R. 2. La resolución se registró como sentencia y de
ella apeló el demandante alegando como error el haber la
corte de distrito mal apreciado los hechos integrantes de la
acción ejercitada.

Discutiendo su error sostiene el apelante que él no ejercitó la acción de nulidad sino la de cumplimiento específico de contrato y, por tanto, que no es aplicable la jurisprudencia invocada.

El caso de *Collado, supra,* se basa en el de *Molina* v. *Hernández,* 33 D.P.R. 182 y en ambos la atención de la corte estuvo fija en la cuestión de nulidad distinguida de la de inexistencia del contrato y en ellos se decidió que un contrato de préstamo que se hacía aparecer como de venta con pacto de retro era anulable y no inexistente y, por tanto, que la acción para pedir su nulidad prescribía a los cuatro años de vencido el término para retraer fijado en el mismo.

Este caso se presenta bajo un aspecto nuevo. Aunque se consigna en la demanda que el contrato de préstamo celebrado se hizo aparecer como de venta con pacto de retro y a la fecha de la interposición de la misma habían transcurrido más de cuatro años contados a partir del término fijado para ejercitar el derecho de retracto, es lo cierto que se alega además que las partes continuaron actuando siempre como si se tratara de un contrato de préstamo a saber: el demandante como dueño y la demandada limitada a recibir los intereses estipulados.

Siendo esto así, debiendo aceptarse la verdad íntegra de los hechos alegados ya que se trata de una excepción previa, entendemos que debe darse al demandante la oportunidad de un juicio. A virtud de las pruebas que una y otra parte practiquen surgirá más clara la naturaleza del contrato celebrado y podrá apreciarse mejor qué influencia pueda tener la actuación de cada una de las partes en si es aplicable o no la ley de prescripción.

*Debe revocarse la sentencia apelada y devolverse el caso* a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión.

El Juez Asociado Señor Texidor no intervino.