Dr. Rafael U. Lange, demandante y apelante, *v.* Alejandrina, María Trifona, conocida por Trina, y Sabás Honoré Rivera, demandados y apelados.

No. 6384.—*Sometido:* Junio 5, 1934. *Resuelto:* Julio 18, 1934.

*J. Sabater,* abogado del apelante; *J. Alemañy Sosa,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Es ésta una acción procedente de la Corte de Distrito de Mayagüez, en la cual el Dr. Rafael U. Lange solicita que los demandados, hijos legítimos de Víctor Honoré y Garáu, le otorguen una escritura trasmitiéndole una finca cuyo título aparece a nombre del causante de dichos demandados, Víctor Honoré y Garáu, pero que según las alegaciones de la demanda pertenece al demandante.

En la demanda se alega que el demandante es dueño de una finca urbana que describe y que la ha poseído por más de veinte años, y que en virtud de un contrato celebrado con el causante de los demandados, don Víctor Honoré y Garáu, éste remató dicha finca por contribuciones adeudadas en el año 1906 por la suma de $400, y que al no poder el demandante redimir la propiedad dentro del término que especificaba la ley en aquella época, convino con dicho causante de los demandados que continuara el título de la expresada propiedad a su nombre hasta que pudiera el demandante devolverle el importe del remate, para que entonces le pasara el título de la propiedad a su nombre; que allá por el año 1914, el demandante solicitó del Sr. Honoré le arreglara dicha casa por encontrarse algo deteriorada, en virtud de lo cual se convino que el Sr. Honoré verificaría los arreglos convenidos,

desembolsando de su peculio el costo de los mismos, cuyo montante comunicó al demandante por carta que le escribió en 27 de enero de 1915, la cual copiada literalmente dice así:

"Mayagüez, P. R., 27 de enero de 1915.

"Dr. Rafael U. Lange,
Ciudad.

Mi querido amigo:

El objeto de la presente es para notificarle que después de haber hecho balance sobre los gastos efectuados en el arreglo de la casa, arroja un total de mil diez y ocho dollars 13/100 ($1,018.13) por lo que corresponde a la casa el interés mensual de $38.62 desde el mes de octubre próximo pasado lo que le comunico según nuestro acuerdo. Le saluda muy afectuosamente, su atento S. S. y amigo,

(Fdo.) Víctor Honoré."

Continúa alegando el demandante que la carta anteriormente transcrita se refiere a la casa de su propiedad descrita en la demanda y a los arreglos hechos en dicha casa; que posteriormente el demandante se quejó a don Víctor Honoré de que le cargara intereses mensuales tan crecidos sobre los préstamos hechos al demandante que consistían en los $400 que desembolsó primeramente el Sr. Honoré cuando remató la propiedad y en los $1,018.13 que desembolsó en el arreglo de la misma, y que entonces convinieron ambas partes en que el demandante pagaría el 2 por ciento mensual, cuyo tanto por ciento ascendía a $35.45 mensuales, pagando el Sr. Honoré de su peculio las contribuciones sobre la propiedad y el agua. Alega el demandante que aceptó pagar mensual y definitivamente al Sr. Honoré Garáu la cantidad de $35.45, hasta que pudiera redimir la propiedad; que don Víctor Honoré se dedicaba a hacer préstamos de dinero con pagarés personales y con hipotecas en la ciudad de Mayagüez; que la situación entre el Sr. Honoré y el demandante continuó en la misma forma debido a que si bien el demandante adeudaba al Sr. Honoré los préstamos que le había tomado, también el Sr. Honoré le debía al demandante los servicios profesionales que le había prestado

a él y a sus familiares, sin que se hubiese hecho una liquidación definitiva hasta que el día 16 de enero de 1926 falleció don Víctor Honoré, asistiéndole el demandante, quien fué su médico por un período de treinta años, en su última enfermedad. Termina alegando el demandante que los demandados se niegan a otorgarle la escritura de trasmisión de la finca, aun cuando el demandante está listo y dispuesto a pagar a dichos demandados los $1,418.13 que les adeuda y que les ha ofrecido en saldo de la misma.

Alegaron los demandados la prescripción de la acción ejercitada por medio de una excepción previa, de acuerdo con el artículo 1253 del Código Civil, o en su caso con el 1864 del mismo código. Las razones aducidas por los demandados en apoyo de su excepción previa ante la corte inferior son las siguientes:

"El título de propiedad que se trata de anular es de compraventa a favor del causante de los demandados don Víctor Honoré y Garáu desde el 16 de abril de 1906, en que adquirió la propiedad que se describe en la demanda en subasta pública por remate en cobro de contribuciones adeudadas al gobierno y de acuerdo con el párrafo cuarto de la demanda dicha venta quedó consumada a favor del comprador. Se alega ahora que esto ocurrió porque el demandante, que dice que era dueño de dicha propiedad rematada no pudo redimirla dentro de los 90 días que fijaba la ley para su redención; pero que convino con el causante de los demandados que cuando pudiera el demandante devolverle lo que había pagado por la propiedad en la subasta, le pasaría el título de la propiedad al demandante. La acción para hacer efectiva una promesa de esta naturaleza, si la consideramos como de nulidad del título del causante de los demandados dura cuatro años, y si como una acción personal sin término de duración fijado, dura quince años. En ambos casos está prescrita. Además no medió causa para la promesa."

La corte inferior declaró prescrita la acción ejercitada y dictó sentencia desestimando la demanda en todas sus partes, con las costas a cargo del demandante.

Se alega que la corte inferior cometió error al declarar que la acción ejercitada en este caso es una sobre promesa

de venta y que está prescrita por el transcurso de quince años desde que se hizo la promesa hasta la presentación de la demanda. Se añade que dicha corte incurrió también en error al declarar que en la demanda no se ha alegado interrupción de la prescripción.

El abogado de los demandados en un interesante y bien razonado alegato fija las distinciones que a su juicio existen entre acciones reales y personales y llega a la conclusión de que la acción ejercitada es una de carácter personal que prescribe a los quince años. En cualquier forma que se interpreten las alegaciones de la demanda, según los demandados, la acción ejercitada es una en cumplimiento de contrato, y las acciones que nacen de los contratos, sea cual fuere la naturaleza de éstos, son acciones personales, porque solamente podrán instituirse contra la persona obligada por el contrato o sus sucesores. Se arguye que el contrato entre el demandante y el causante de los demandados se llevó a cabo en 1906 y que desde esta fecha comenzó a correr el tiempo señalado para la prescripción. Refiriéndose a los argumentos aducidos por la parte demandante para sostener que hubo interrupción de la prescripción, dicen los demandados:

"Incurre el apelante al exponer los argumentos en que se funda este segundo error señalado como cometido por la corte inferior, en una contradicción manifiesta. Primero se dice que no había necesidad de alegar interrupción de prescripción, porque alegándose que el demandante era dueño de la propiedad, estaba en posesión de ella y pagaba intereses mensuales al causante de los demandados, la ley de prescripción no había empezado a correr para ejercitar la acción; y después se argumenta que los pagos de las sumas mensuales efectuados por el demandante constituían una interrupción de la prescripción.

"Se olvida el apelante que su acción es para el cumplimiento de un contrato que él alega que se celebró en el 1906 y se reconoció en el 1915, por carta de fecha 27 de enero de dicho año. Apareciendo de la demanda que el título de propiedad de la finca objeto del pleito figura inscrito en el registro de la propiedad a nombre del causante de los demandados desde el año 1906, en que compró la finca en subasta pública por falta del pago de contribuciones al gobierno a

su nombre, y el agua que se consume en la casa, establece en dichas alegaciones un título de dominio perfecto sobre dicha propiedad a favor de los demandados como herederos del causante, don Víctor Honoré y Garáu; y que alegando un contrato celebrado entre el demandante y dicho causante en el mismo año 1906, a virtud del cual ese título de propiedad que existía a nombre del causante de los demandados era solamente para garantizar el pago de cierta suma de dinero adeudádole por el demandante y que mediante el pago de dicha suma de dinero dicho causante estaba obligado a hacerle trasmisión de dicho título de propiedad, reconoce el demandante que desde la fecha en que él pudo haber devuelto dicho dinero y exigir la devolución de la propiedad mediante el otorgamiento de una escritura hasta la fecha en que radicó su demanda, han transcurrido veinticinco años. Las sumas mensuales satisfechas por el demandante, aunque en realidad tuvieren el concepto de intereses como él alega en la demanda, figurando el causante de los demandados como dueño de dicha finca, con el título de propiedad otorgado por el gobierno inscrito en el registro, pagando las contribuciones a su nombre y el agua que sirve el municipio también a su nombre, el concepto del pago mensual del demandante por la ocupación de dicha casa a los fines del título que se trata de anular o del contrato cuyo cumplimiento específico se reclama, tienen el concepto de alquileres o rentas. La acción para determinar la verdadera naturaleza de dichos pagos y reconocer el derecho del demandante a dicha propiedad, es la que se ejercita en la demanda; pero tan tardíamente en cualquier forma que se considere su naturaleza, lo mismo sobre nulidad que para exigir el cumplimiento específico del contrato y otorgamiento de la correspondiente escritura, que está prescrita, por haber transcurrido mucho más de quince años desde la fecha en que pudo ejercitarse por el demandante.''

No estamos de acuerdo con el criterio sostenido en el párrafo que antecede. En la demanda se habla de un contrato celebrado entre el demandante y el causante de los demandados. Se dice que el primero solicitó del último un préstamo para pagar las contribuciones de la casa y que se convino que fuese rematada por el prestamista, quedando la finca a su nombre como garantía del préstamo y que se consumara la venta hasta tanto pudiera el demandante devolver lo desembolsado, comprometiéndose entonces el Sr. Honoré

a pasar el título de la propiedad al demandante. Se añade que el demandante se comprometió a pagar intereses mensuales por el préstamo contraído hasta que pudiera redimir la propiedad.

Según aparece de la demanda, las relaciones contractuales entre el demandante y el Sr. Honoré continuaron siendo las mismas hasta la muerte del último. Partiendo de la base de los hechos expuestos en la demanda, que tenemos que aceptar como ciertos en la discusión de una excepción previa, hay que admitir que hubo un préstamo, que se convino en satisfacer intereses y que el causante de los demandados se comprometió a traspasar el título de la finca, cuando el demandante satisficiese la cantidad que le fué prestada. Si el Sr. Honoré continuó aceptando estos intereses hasta su muerte, la deducción lógica es que estuvo hasta entonces manteniendo su promesa de trasmitir al demandante el título de la propiedad que figuraba a su nombre como garantía del préstamo contraído. Estos puntos pueden y deben aclararse al resolverse los méritos del caso, cuando las partes tengan oportunidad de presentar su prueba sobre los hechos alegados en la demanda. Si las cantidades mensuales que, según surge de las alegaciones, se comprometió a pagar el demandante, constituyen intereses de un préstamo o rentas de una casa arrendada al Sr. Honoré, como sostienen los demandados, es cuestión que puede ser aclarada y que debe ser decidida cuando se suscite esta controversia por medio de la contestación de los demandados, y las partes hayan producido su prueba.

Los hechos desarrollados en este caso tienen bastante parecido con los que fueron alegados en *Otero* v. *Mirabal,* 37 D.P.R. 730. En dicho caso se alegó que el dueño de cierto solar solicitó y obtuvo un préstamo, sin fijación de plazo, que fué garantizado con el solar y dos casas en él edificadas; que el demandado exigió que se diera al contrato la apariencia de uno de venta con pacto de retro, y así se hizo; que el dueño del inmueble continuó actuando como tal, alquilando

las casas y percibiendo para si los cánones de arrendamiento, pagando las contribuciones, etc.; que el demandado a sus espaldas obtuvo que en el registro se anotara la consumación de la venta y que requerido dicho demandado para que recibiera el importe del préstamo y transmitiera el título al demandante, se negó a cumplir con lo prometido. En el caso citado el apelante sostuvo que no ejercitaba la acción de nulidad, sino la de cumplimiento específico de contrato. En el presente caso el demandado arguye, y no está desacertado, que la acción ejercitada es una en cumplimiento de contrato.

En *Otero* v. *Mirabal*, supra, esta corte, decidiendo la cuestión planteada, se expresó así:

"Este caso se presenta bajo un aspecto nuevo. Aunque se consigna en la demanda que el contrato de préstamo celebrado se hizo aparecer como de venta con pacto de retro y a la fecha de la interposición de la misma habían transcurrido más de cuatro años contados a partir del término fijado para ejercitar el derecho de retracto, es lo cierto que se alega además que las partes continuaron actuando siempre como si se tratara de un contrato de préstamo a saber: el demandante como dueño y la demandada limitada a recibir los intereses estipulados.

"Siendo esto así, debiendo aceptarse la verdad íntegra de los hechos alegados ya que se trata de una excepción previa, entendemos que debe darse al demandante la oportunidad de un juicio. A virtud de las pruebas que una y otra parte practiquen surgirá más clara la naturaleza del contrato celebrado y podrá apreciarse mejor qué influencia pueda tener la actuación de cada una de las partes en si es aplicable o no la ley de prescripción."

Parafraseando las palabras de la corte que acabamos de transcribir, bien podemos decir que, según las alegaciones en este caso, las partes continuaron actuando como si se tratara de un contrato de préstamo, el demandante como dueño y el causante de los demandados recibiendo los intereses estipulados.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para procedimientos ulteriores de acuerdo con los términos de esta opinión.*